UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-151-TBR-LLK

CHARLES STANFILL,                                                    PETITIONER

v.

DON BOTTOM, WARDEN,                                                  RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Charles Stanfill's Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254, [R. 1]. The Magistrate Judge filed a Findings of

Fact and Conclusions of Law and Recommendation. [R. 19.] Stanfill filed objections thereto. [R.

21.] Having conducted a de novo review of the portions of the Magistrate Judge's report to

which Stanfill objected,[1] the Court **ADOPTS** the Findings of Fact and Conclusions of Law as set

forth in the report submitted by the Magistrate Judge, [R. 19]. For the reasons stated herein,

England's objections, [R. 21], are **DENIED**. The Court will enter a separate Order and Judgment

consistent with this Memorandum Opinion.

## BACKGROUND

Petitioner Charles Stanfill was indicted in September of 2007 for manufacturing

methamphetamine, possession of anhydrous ammonia in an unapproved container with intent to

manufacture methamphetamine, possession of drug paraphernalia, and possession of a controlled

substance in the first degree. [R. 21 at 2 (Stanfill Objection).] Stanfill recalls that on December

---

[1] It is well-established that the failure to object to any portion of a magistrate judge's report results in a waiver of both district-court and appellate review of that portion. *See Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.").

10, 2007, he appeared before the trial court with several complaints about his appointed attorney, Bryan Ernstberger. [R. 1 at 4 (Petition).] Allegedly, Stanfill stated that he did not wish to represent himself, but the court dismissed Ernstberger without appointing new counsel. [*Id.*] Stanfill states that Ernstberger was reappointed as counsel when he appeared before the court on January 14, 2008. [*Id.*] However, Stanfill claims that when he explained that he did not wish to have Mr. Ernstberger as his counsel, the court once again dismissed Ernstberger and required Stanfill to represent himself pro se. [*Id.* at 5.] Stanfill states that Ernstberger began representing him again on May 2, 2008, and on May 20, 2008, the date of trial, Ernstberger made a "hybrid representation motion so Stanfill could give his own opening statement." [*Id.*] This motion was granted. [*Id.*]

After a Calloway County Circuit Court jury convicted Stanfill of possession of anhydrous ammonia with intent to manufacture methamphetamine, manufacture of methamphetamine, and use of drug paraphernalia, Stanfill appealed the conviction to the Kentucky Court of Appeals. [R. 19 at 1 (Magistrate Recommendation).] The Kentucky Court of Appeals affirmed, and Stanfill then filed a motion to alter, amend or vacate conviction and sentence pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42. [*Id.* (citing *Stanfill v. Commonwealth*, No. 2008-CA-001718-MR, 2010 WL 1253223 (Ky. App. April 2, 2010)).] The trial court denied the motion and the Kentucky Court of Appeals remanded for further proceedings and later affirmed. *See Stanfill v. Commonwealth*, No. 2013-CA-000721-MR, 2015 WL 1778065, at n.1 (Ky. App. April 17, 2015); *Stanfill v. Commonwealth*, 515 S.W.3d 193, 199 (Ky. App. 2016).

Subsequently, Stanfill filed a Petition for a Writ of Habeas Corpus. [R. 1.] Thereafter, the Magistrate Judge issued a Findings, Conclusions, and Recommendation, which recommended denying the petition and denying a certificate of appealability. [R. 19.]

# LEGAL STANDARD

"Under the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §

2254(d), federal habeas relief may not be granted unless the state court decision at issue: (1)

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law as determined by the Supreme Court of the United States; or (2) resulted

in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding." *Coleman v. Bergh*, 804 F.3d 816, 819 n. 1 (6th

Cir. 2015).

However, "[p]rocedural default is a threshold rule that a court generally considers before

reviewing the applicable law and available remedies in a habeas petition. The procedural default

rule is related to the statutory requirement that a habeas petitioner must exhaust any available

state-court remedies before bringing a federal petition. Both rules have the purpose of allowing

state courts the opportunity to address federal constitutional claims 'in the first instance' before

the claims are raised in federal habeas proceedings." *Lovins v. Parker*, 712 F.3d 283, 294 (6th

Cir. 2013) (internal citations omitted). A federal claim brought by a state prisoner in a habeas

action may become procedurally defaulted in state court in two different ways. *See Williams v.

Anderson,* 460 F.3d 789, 806 (6th Cir. 2006). A prisoner first may procedurally default a given

claim by failing to comply with an established state procedural rule when presenting his claim at

trial or on appeal in the state courts. *Id.*; *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

Additionally, procedural default can occur when a petitioner completely "fail[s] to raise a claim

in state court, and pursue that claim through the state's ordinary appellate review procedures."

*Carter v. Mitchell*, 693 F.3d 555, 563 (6th Cir. 2012) (quoting *Williams,* 460 F.3d at 806;

*O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999)). "When a state prisoner 'procedurally

defaults' a claim for habeas relief, meaning the prisoner lost the claim in state court by failing to

raise it at the correct time, we defer to the state's procedural ruling and refuse to consider the claim on the merits." *Peoples v. Lafler*, 734 F.3d 503, 510 (6th Cir. 2013) (citing *Wainwright*, 433 U.S. at 86–87).

## DISCUSSION

In the Findings, Conclusions, and Recommendation, the Magistrate Judge recommended that the Court deny Stanfill's petition. [R. 19 at 2.] Stanfill filed an Objection, in which he argued against the Magistrate Judge's findings for several different reasons. [*See generally* R. 21.] The Court will address the Magistrate Judge's findings and Stanfill's objections in turn.

### A. Trial Error/*Faretta* Claim

In the Petition for a Writ of Habeas Corpus, Stanfill argued that his Sixth Amendment rights were violated when he was denied counsel at a critical stage in the proceedings without a *Faretta* hearing. [R. 1 at 19.] The Magistrate Judge held that this claim is procedurally defaulted because the Kentucky Court of Appeals held, as a matter of state procedural law, that Stanfill failed to present this claim upon direct appeal. [R. 19 at 4.] In his Objection, Stanfill appears to agree, stating: "This pretrial record of denial of counsel is undoubtedly a trial error, and that it should have been raised on direct appeal is beyond contention." [R. 21 at 9.] Following this statement, Stanfill solely argues against the Magistrate Judge's findings as they related to his claim of ineffective assistance of counsel. Therefore, as the parties appear to agree that it is "beyond contention" that this issue should have been raised on direct appeal, the Court agrees with the findings of the Magistrate Judge with regards to its finding that Stanfill's trial error/*Faretta* claim is barred by procedural default.

### B. Ineffective Assistance of Counsel/*Faretta* Claim

Stanfill also argued that his Sixth Amendment rights were violated when his trial counsel failed to object to the court denying him counsel at a critical stage in the proceedings without a

4

*Faretta* hearing. [R. 1 at 19.] Stanfill claims this occurred multiple times before the state court, not just on the morning of trial. [R. 21 at 9.] The Magistrate Judge found that "[w]hile Petitioner may have presented multiple *Faretta* claims (or, at least, a multifaceted *Faretta* claim) in his direct appeals of the denial of his 11.42 motion, he did not present any *Faretta* claim in his direct appeal of his convictions." [R. 19 at 5.] Thus, the Magistrate Judge concluded that these claims are procedurally barred because "they were never fairly presented to the state courts and it is now too late to do so." [*Id.* (citing *Lovins*, 712 F.3d at 295).] Furthermore, the Magistrate Judge found that Stanfill's claim of ineffective assistance of counsel, based on his motion to make his own opening statement on May 20, 2008, is without merit. [R. 19 at 5-6.] In his Objection, Stanfill argues that under the Supreme Court of Kentucky's reasoning in *Leonard v. Commonwealth*, the alleged trial court's error can be separated from a claim of ineffective assistance of counsel related to the trial court's error. [R. 21 at 9 (citing *Leonard*, 279 S.W.3d 151, 158 (Ky. 2009)).] In other words, Stanfill asserts that when the *Faretta* error claim is "couched as an ineffective assistance of counsel claim," it is "properly raised in post-conviction rather than on direct appeal." [R. 21 at 12.]

Although there is some truth to Stanfill's interpretation of *Leonard*, he misses a crucial detail in the case. In *Leonard*, the Supreme Court of Kentucky revisited the rule that "[i]t is not the purpose of RCr 11.42 to permit a convicted defendant to retry issues which could and should have been raised in the original proceeding, nor those that were raised in the trial court and upon an appeal considered by this court." *Leonard*, 279 S.W.3d at 156 (quoting *Thacker v. Commonwealth,* 476 S.W.2d 838, 839 (Ky. 1972)). The court further noted that "[t]his rule has been applied consistently to bar two classes of claims from being brought in collateral attacks: (1) those that could and should have been litigated in the direct appeal; and (2) those that were

actually litigated in the direct appeal." *Id*. The court went on to recognize previous cases in which it held that issues *raised and rejected* on direct appeal could not be relitigated in a collateral attack under RCr 11.42. *Id*. at 157. However, the court decided to overrule this line of cases, confirming its finding in *Martin v. Commonwealth*, 207 S.W.3d 1 (2006), where it "recognized the difference between an alleged error and a separate collateral claim of ineffective assistance of counsel related to the alleged error, and held that a claim of the latter may be maintained even after the former has been addressed on direct appeal, so long as they are actually different issues." *Leonard*, 279 at 158. Notably, the court did not address the first class of claims, which "could and should have been litigated in the direct appeal."

After *Leonard,* the Kentucky Court of Appeals addressed this first class of claims, i.e., those not raised on direct appeal, in *Blevins v. Commonwealth*, in which the petitioner appealed the denial of his RCr 11.42 motion for post-conviction relief. *See Blevins*, No. 2008-CA-090-MR, 2009 WL 2475281, at *1 (Ky. Ct of App. 2009) (unpublished). The petitioner argued that a *Faretta* hearing should have taken place before he waived his right to an attorney and that "his attorney's failure to ensure such hearing took place before withdrawing constituted ineffective assistance of counsel." *Id*. However, the petitioner did not raise the lack or inadequacy of a *Faretta* hearing or the resulting ineffective assistance of counsel upon direct appeal. *Id*. at *2. Referencing the discussion in *Leonard* of the "pure procedural bar" of claims that "could and should have been litigated in the direct appeal," the court concluded that "by failing to raise the issue on direct appeal, [the petitioner] relinquished his right to challenge the validity of his waiver of the right to be represented by counsel, even where it is a precursory issue to a claim of ineffective assistance of counsel." *Id*. at *3.

Like in *Blevins*, Stanfill admits that he did not bring the issue of the ineffective waiver of the right to representation by an attorney upon direct appeal. [R. 1 at 21 ("It is glaringly obvious from the procedural history that appellate counsel did not raise the issue of the denial of counsel in Stanfill's direct appeal").] In addressing Stanfill's RCr 11.42 motion, the Kentucky Court of Appeals decided the claim both on the merits and on procedural grounds, stating that Stanfill's counsel's course of action on May 20 did not constitute defective performance, but, also, "since RCr 11.42 is a vehicle for addressing ineffective assistance of counsel and not for issues that should have been raised in a direct appeal, relief for the *Faretta* issue is inappropriate." *Stanfill*, 515 S.W.3d at 199 (citing *McQueen v. Commonwealth,* 948 S.W.2d 415 (Ky. 1997)). The Magistrate Judge agreed with these findings and stated: "While Petitioner may have presented multiple *Faretta* claims (or, at least, a multifaceted *Faretta* claim) in his direct appeals of the denial of his 11.42 motion, he did not present any *Faretta* claim in his direct appeal of his convictions." [R. 19 at 5.] The Court agrees with the Magistrate Judge's conclusion and will "defer to the state's procedural ruling . . .." *Peoples*, 734 F.3d at 510. As this claim "could and should have been litigated in the direct appeal," the Court finds that Stanfill's claim that his Sixth Amendment rights were violated when his trial counsel failed to object to the court denying him counsel at a critical stage in the proceedings without a *Faretta* hearing is procedurally defaulted.

### C.  Certificate of Appealability (COA)

Before Petitioner may appeal this Court's decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, ... [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. In such a case, no appeal is warranted. *Id*.

As discussed above, the Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong. Thus, a COA is not warranted.

## CONCLUSION

In Summary, the Court **ADOPTS** the Findings of Fact and Conclusions of Law as set forth in the report submitted by the Magistrate Judge, [R. 19]. For the reasons stated herein, Stanfill's objections, [R. 21], are **DENIED**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 26, 2018

8