UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-151-TBR-LLK

CHARLES STANFILL,                                                                     PETITIONER

v.

BRAD ADAMS, WARDEN,                                                                   RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Charles Stanfill's Motion to Alter and Amend Judgment. [R. 27.] Respondent Brad Adams responded. [R. 29.] This matter is ripe for adjudication. For the reasons stated herein, Stanfill's Motion to Alter and Amend Judgment, [R. 27], is **DENIED**.

## LEGAL STANDARD

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen,* 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.,* 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district court in this circuit put it: "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch,* 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for

reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)).[1] Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson,* 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.,* 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.,* 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

**DISCUSSION**

In the instant motion, Stanfill requests that the Court alter and amend its previous Memorandum Opinion and Judgment, [R. 25; 26]. [R. 27.] Stanfill asserts that, pursuant to Rule 59, the Court should grant his motion due to a "clear error of law." [R. 27 at 6.] Specifically, Stanfill argues that the Court erred in finding that his claim was procedurally defaulted because his claim can be split into one claim that he was denied a *Faretta* hearing and another claim of ineffective assistance of counsel "regarding trial counsel's failure to ensure that he was assigned competent conflict counsel." [*Id*. at 2.] Moreover, Stanfill argues that the ineffective assistance of counsel claim may be raised post-conviction. [*Id*. at 5.]

The Court finds that Stanfill already raised this issue in its Objection to the Magistrate's Disposition. [R. 21 at 12 ("The related, but distinguishable, claim that the trial court erred in

---

[1] The standard is the same for Rule 52(b) motions. *Brown v. Owens Corning Inv. Review Comm.*, No. 3:06 CV 2125, 2009 WL 1362607, at *1 (N.D. Ohio May 13, 2009) (citing *Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993)).

denying counsel at a critical stage may be defaulted for not having been raised on direct appeal, but the IAC claim that counsel didn't ensure that the trial court respected Stanfill's Sixth Amendment right to counsel is a post-conviction claim and was properly raised there.").] The Court addressed this issue in its Memorandum Opinion when it agreed with the Magistrate Judge's ruling that this claim "could and should have been litigated in the direct appeal." [R. 25 at 7.] As explained above, "[i]t is not the function of a motion to reconsider arguments already considered and rejected by the court." *White.,* 2008 WL 782565, at *1; *see also Whitehead,* 301 F. App'x at 489. Therefore, it is unnecessary for the Court to address these matters once again, and the Court stands by its previous ruling.

In the alternative, Stanfill requests that the Court grant a certificate of appealability (COA). [R. 27 at 5.] Stanfill argues once again that his "claim of ineffective assistance of counsel was not procedurally barred because it could not have been raised on direct appeal." [*Id.*] As the Court stands by its original ruling that this matter could and should have been litigated on direct appeal, this argument is now irrelevant.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**: Stanfill's Motion to Alter and Amend Judgment, [R. 27], is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

June 19, 2019

cc: Counsel of Record