UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-151-TBR-LLK

CHARLES STANFILL,                                                          PETITIONER

v.

BRAD ADAMS, WARDEN,                                                        RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Charles Stanfill's Motion to Reinstate Petitioner's Petition for Writ of Habeas Corpus Due to Actual Ineffective Assistance of Counsel and This Court's Failure to Review the Trial Record, [DN 32], Motion for Extension of Time to File Notice of Appeal, or Alternatively to Reopen Appeal, [DN 33], Motion for Leave to Proceed *In Forma Pauperis* on Appeal, [DN 35], and Motion for Summary Judgment, [DN 37]. Respondent Brad Adams has not responded and the time to do so has passed. These matters are ripe for adjudication. For the reasons stated here, Stanfill's Motion to Reinstate Petitioner's Petition for Writ of Habeas Corpus Due to Actual Ineffective Assistance of Counsel and This Court's Failure to Review the Trial Record, [DN 32], is DENIED; the Motion for Extension of Time to File Notice of Appeal, [DN 33], is GRANTED; the Motion for Leave to Proceed *In Forma Pauperis* on Appeal, [DN 35], is DENIED; and the Motion for Summary Judgment, [DN 37], is DENIED.

**LEGAL STANDARD AND DISCUSSION**

I.   **Motion to Reinstate Petitioner's Petition for Writ of Habeas Corpus [DN 32]**

On November 28, 2018, the Court dismissed Stanfill's petition for writ of habeas corpus with prejudice upon a finding that his claims were procedurally defaulted. [DN 25]. The Court also

denied Stanfill's certificate of appealability. *Id.* Subsequently, Stanfill filed a Motion to Alter Judgment, [DN 27], which was also denied by the Court, [DN 31]. Stanfill then filed the Motion to Reinstate Petitioner's Petition for Writ of Habeas Corpus currently before the Court. [DN 32]. During the pendency of this motion, Stanfill filed a Notice of Appeal informing the Court that he had appealed its order dismissing his petition for habeas corpus to the Sixth Circuit Court of Appeals. [DN 34].

Generally, courts interpret motions to reinstate petitions for habeas corpus in three ways. First, in cases where a petitioner's initial habeas corpus application is dismissed without prejudice for failure to exhausted state court remedies, courts have granted motions to reinstate once petitioners exhaust their state remedies. *See Johnson v. Howes*, No. 2:09-CV-10395, 2010 WL 4940010, at *1 (E.D. Mich. Nov. 30, 2010) ("Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies."). Second, petitioners' motions to reinstate have been interpreted as a second or successive habeas petition. *See Lyle v. Burke*, No. 96-CV-70653-DT, 2015 WL 7075955, at *2 (E.D. Mich. Nov. 12, 2015); *Peterson v. Bell*, No. CIV. 2:07-CV-15386, 2009 WL 499293, at *1 (E.D. Mich. Feb. 26, 2009). However, before district courts may consider second or successive petitions, "the applicant [must] move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Finally, courts have analyzed motions to reinstate as Federal Rule of Civil Procedure 60(b) motions, pursuant to which a court may relieve a party from a final judgment or order if certain conditions are satisfied. Fed. R. Civ. P. 60(b); s*ee Peterson v. Smith*, No. 99-CV-426-BBC, 2015 WL 329012, at *1 (W.D. Wis. Jan. 26, 2015) ("The Federal Rules of Civil Procedure do not provide a mechanism for 'reinstating' a dismissed habeas petition. Fed. R. Civ. P. 60 allows district courts to vacate a judgment under

certain circumstances . . . ."); *Wilcher v. Epps*, 239 F.R.D. 463, 467 (S.D. Miss.), *aff'd,* 203 F. App'x 559 (5th Cir. 2006); *Nguyen v. Kane*, No. C 00-4608 CRB, 2005 WL 3113071, at *1 (N.D. Cal. Nov. 14, 2005), *aff'd sub nom. Nguyen v. Lamarque*, 203 F. App'x 762 (9th Cir. 2006).

In this case, the Court must determine whether Stanfill's motion is substantively a Rule 60(b) motion, or whether, practically speaking, it is a second or successive petition for a writ of habeas corpus. *See Gonzalez v. Crosby*, 545 U.S. 524, 526 (2005). The Sixth Circuit has explained that "Rule 60(b) motions . . . may not be used as vehicles to circumvent the limitations that Congress has placed upon the presentation of claims in a second or successive application for habeas relief." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 531–32; *Clark v. United States*, 764 F.3d 653, 658–59 (6th Cir. 2014)). Accordingly, "when faced with what purports to be a Rule 60(b) motion . . . federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Id.* (quoting *Gonzalez*, 545 U.S. at 530–31; *Clark*, 764 F.3d at 658–59). If a 60(b) motion is a second or successive petition, the Court "would apply 28 U.S.C. § 2244(b), which presents a bar to the motion." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014) (citing *Gonzalez*, 545 U.S. at 531). Before district courts may consider a second or successive § 2255 petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . .").

Importantly, the Sixth Circuit in *Clark v. United States*, held that a motion "is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § 2255 motion is complete—*i.e.*, before the petitioner has lost on the merits and exhausted her appellate remedies." *Clark*, 764 F.3d at 658. In this case, Stanfill filed the motion to reinstate his petition for habeas

3

corpus after the Court entered a judgment denying his § 2255 motion, but before he filed his Notice of Appeal. Since Stanfill has not fully exhausted his appellate remedies in regard to his initial § 2255 motion, the motion to reinstate is not a second or successive petition for writ of habeas corpus. Accordingly, the Court will analyze Stanfill's motion pursuant to Rule 60(b).

There are six grounds provided under Rule 60(b) for relief from a final order, including: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F.Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

In this case, Stanfill did not style his motion as one for Rule 60(b) relief. Therefore, the Court must determine which, if any, of the enumerated grounds for relief may apply. In his motion, Stanfill asserts three main arguments in support of reinstatement of his habeas claim: 1) the Court failed to address Stanfill's claim that he was forced to attend numerous pre-trial motion hours

4

without the benefit of counsel; 2) the Court failed to address his counsel's stipulation to scientific evidence presented at trial; and 3) Stanfill's counsel provided ineffective assistance by failing to secure the 911 police dispatch logs pertaining to his arrest. [*See* DN 32]. In the Court's view, Stanfill's claims could fall within two of the 60(b) categories: alleged "mistake" under Rule 60(b)(1) or some "other reason that justifies relief" under Rule 60(b)(6).

The Sixth Circuit has recognized that Rule 60(b)(1) "mistakes" can include both claims of "judicial mistake[s]", *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983), and "legal error[s]." *Willis v. Jones*, 329 F. App'x 7, 14 (6th Cir. 2009) (quoting *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985); *Barrier,* 712 F.2d at 234). Stanfill's first allegation that the Court failed to address the fact that he was required to represent himself during pre-trial hearings falls within this subsection. [DN 32 at 653]. However, a careful review of the record persuades this Court that Stanfill's argument is without merit. In the Findings of Fact and Conclusions of Law, the Magistrate Judge specifically noted that Stanfill's claim was two-fold: "that his attorney was ineffective for failing to ensure that the court compiled with his constitutional right to counsel, and that the court itself erred by denying him counsel at a critical stage." [DN 19 at 583]. The Magistrate Judge found that this claim was procedurally defaulted because the Kentucky Court of Appeals held, as a matter of state procedural law, that Stanfill failed to present this claim upon direct appeal. *Id.* at 583. Stanfill himself appears to agree with this contention, stating: "The pretrial record of denial of counsel is undoubtedly a trial error, and that it should have been raised on direct appeal is beyond contention." [DN 21 at 600]. The Court agreed that the issue should have been raised on direct appeal and found the claim was barred by procedural default. [DN 25 at 629–32]. Accordingly, Stanfill's contention that the Court failed

5

to address the fact that he was required to represent himself during pre-trial proceedings is unfounded. The Court's alleged mistake does not justify relief under Rule 60(b)(1).

Stanfill's second and third arguments can also be interpreted as requests for relief due to "judicial mistake." Stanfill claims that the Court failed to consider whether he was subject to ineffective assistance of counsel when his trial attorney stipulated to scientific evidence without first examining the evidence at issue and failed to request 911 police dispatch logs pertaining to the day he was arrested. [DN 32 at 653, 662]. Again, Stanfill's arguments are without merit. In his appeal of the Calloway Circuit Court order denying his motion to vacate conviction, Stanfill argued that his trial counsel was ineffective for stipulating to all scientific evidence and physical exhibits. *Stanfill v. Commonwealth*, 515 S.W.3d 193, 199 (Ky. Ct. App. 2016). In dismissing Stanfill's claim, the Kentucky Court of Appeals asserted:

> The Commonwealth correctly notes that the Appellant at trial seemed to be attempting an "alternative perpetrator" defense, blaming "Tim Smith" for the presence of methamphetamine and attempting to illustrate that Appellant was unaware of it. Since the alternative perpetrator defense did not hinge upon scientific evidence, it is reasonable to believe that the stipulations were a matter of sound trial strategy. "Judicial scrutiny of counsel's performance must be highly deferential ... a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The fact that this strategy proved ineffective in hindsight is not enough to show defective performance by counsel. "A defendant is not guaranteed errorless counsel, or counsel judged ineffective by hindsight, but counsel likely to render and rendering reasonably effective assistance." *McGaha v. Commonwealth*, 469 S.W.3d 841, 846 (Ky.App. 2015) (citing *McQueen v. Commonwealth*, 949 S.W.2d 70, 71 (Ky. 1997)). We conclude that this argument does not satisfy the performance prong under *Strickland*, and we must, therefore, deny relief on this basis.

*Id.* Additionally, in his direct appeal of the trial court's judgment and sentence, Stanfill claimed that "the trial court failed to issue an order to release the 911 and police dispatch logs and records

. . . ." *Stanfill v. Commonwealth*, No. 2008-CA-001718-MR, 2010 WL 1253223, at *3 (Ky. Ct. App. Apr. 2, 2010). Notably, Stanfill's challenge was directed toward the trial court's, not his attorney's, failure to produce the logs. Regardless of this inconsistency, the Kentucky Court of Appeals dismissed Stanfill's argument stating:

> As to Stanfill's contention that he was entitled to the police logs, there is no citation to the record, nor are we able to find any indication in the record, to show that Stanfill ever pursued the matter with the trial court, either by filing a written motion requesting this material, or by requesting the trial court at the hearing to enter a written order to that effect.

*Id.* Although Stanfill's appeals included arguments related to the stipulation to scientific evidence and the 911 records, he failed to plead any facts relating to these matters in his Petition for Writ of Habeas Corpus. [*See* DN 1]. In fact, the Motion to Reinstate is the first time Stanfill has raised either of these issues to the Court. "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof. The grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *Thompson v. Bell*, 580 F.3d 423, 443 (6th Cir. 2009)). Since Stanfill did not raise these arguments prior to the dismissal of his petition, he is precluded from raising such arguments in a Rule 60(b) motion.

Finally, the Court will consider whether Stanfill's motion should be granted pursuant to Rule 60(b)(6): "any other reason that justifies relief." "Relief may be granted under Rule 60(b)(6) 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). "Relief [under Rule 60(b)(6)]

is limited to 'unusual and extreme situations where principles of equity *mandate* relief.'" *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)). The Court finds that no such extraordinary circumstances exist to justify relief under Rule 60(b)(6). As previously discussed, Stanfill's claim that the Court failed to consider the fact that he attended pre-trial proceedings without the benefit of counsel is unfounded. Additionally, Stanfill failed to raise arguments related to his trial attorney's stipulation regarding scientific evidence and failure to secure 911 logs until after his petition was dismissed. Stanfill has presented no "exceptional or extraordinary circumstances" justifying relief under Rule 60(b)(6), and therefore his motion is **DENIED**.

### II. Motion for Summary Judgment [DN 37]

In addition to the motion to reinstate his petition for habeas corpus, Stanfill also filed a Motion for Summary Judgment. [DN 37]. Stanfill claims he is entitled to summary judgment on his Motion to Reinstate because Respondent Brad Adams and his representative, Attorney General Andy Beshear failed to respond to the motion and the deadline to do so has passed. *Id.* at 699. Pursuant to Federal Rule of Civil Procedure 56, a court may grant a motion for summary judgment on a claim or defense if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Summary judgment is not applicable at this stage of the litigation because the Court has already entered a judgment and order dismissing Stanfill's petition for habeas corpus. [DN 26]. Therefore, the Motion for Summary Judgment is **DENIED**.

### III. Motion to Extend Time to File Notice of Appeal [DN 33]

Stanfill filed a Motion to Extend Time to File Notice of Appeal; or Alternatively, To Reopen Time to File Appeal. [DN 33]. On June 20, 2019, the Court issued an order denying

Stanfill's Motion to Alter and Amend. [DN 31]. Pursuant to Federal Rule of Appellate Procedure 4(a), Stanfill was required to file a notice of appeal within 30 days. Fed. R. App. R. 4(a)(1)(A). Although Stanfill's attorney mailed him a copy of the Court's order, the correspondence was misaddressed and Stanfill did not receive the order until August 6, 2019. [DN 33 at 668]. Stanfill claims this mistake was due to "excusable neglect" and requests the Court extend the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). *Id.* at 670. Being otherwise sufficiently advised, the Court **GRANTS** Stanfill's Motion to Extend Time to File Notice of Appeal. He shall file his notice of appeal within 14 days of entry of this order.

IV. **Motion for Leave to Proceed *In Forma Pauperis* on Appeal [DN 35]**

The final matter before the Court is Stanfill's Motion for Leave to Proceed *In Forma Pauperis* on Appeal. [DN 35]. Pursuant Federal Rule of Appellate Procedure 24(a)(3)(A), Stanfill may proceed on appeal *in forma pauperis* unless "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that [he] is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding." Fed. R. App. P. 24(a)(3)(A).

The Court denied a certificate of appealability in its Memorandum Opinion and Order and Judgment denying Stanfill's petition for writ of habeas corpus. [DN 25; DN 26]. The same reasons that caused the Court to deny the motion and deny a certificate of appealability also compel the Court to certify that the appeal is frivolous and not taken in good faith. Accordingly, the motion to proceed on appeal *in forma pauperis* is **DENIED**.

Within 30 days of service of this Order, Stanfill must either pay the appropriate appellate filing fee to the Clerk of the District Court or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Sixth Circuit in accordance with Fed. R. App. P. 24(a). *See*

*Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Should Stanfill decide to pay the appellate filing fee, payment must be made payable to Clerk, U.S. District Court and sent to the following address:

United States District Court
Western District of Kentucky
106 Gene Snyder Courthouse
601 West Broadway
Louisville, KY 40202

Failure either to pay the filing fee or to file an application to proceed on appeal *in forma pauperis* with the United States Court of Appeals for the Sixth Circuit within 30 days may result in dismissal of the appeal.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED:** Stanfill's Motion to Reinstate Petitioner's Petition for Writ of Habeas Corpus Due to Actual Ineffective Assistance of Counsel and This Court's Failure to Review the Trial Record, [DN 32], is **DENIED**; Stanfill's Motion for Summary Judgment, [DN 37], is **DENIED**; and Stanfill's Motion for Leave to Proceed *In Forma Pauperis* on Appeal, [DN 35], is **DENIED**. Stanfill's Motion for Extension of Time to File Notice of Appeal, [DN 33], is **GRANTED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 16, 2019

CC: Attorneys of Record